UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : PROTECTIVE ORDER

-v.- : 22 Cr. 166 (PKC)

GREGORY MCKENZIE, :

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Damian Williams, by Assistant United States Attorneys Aline R. Flodr, Jonathan E. Rebold, and Daniel H. Wolf; with the consent of GREG MCKENZIE,[1] the defendant, by and through his counsel, Aaron Wallenstein, Esq., (together with any agents of counsel, the "Defense"), and having requested discovery under Fed. R. Crim. P. 16(a), the Court hereby finds and orders as follows:

WHEREAS, the Government will make disclosure to the Defense of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Protected Materials";

WHEREAS, the Government's Protected Materials may include material that (i) affects the privacy, confidentiality and safety of individuals; (ii) would impede, if prematurely disclosed,

---

[1] The Indictment in the above-referenced case inadvertently refers to the defendant by "Gregory" McKenzie rather than "Greg" McKenzie. The Government and the defendant are in agreement that the defendant's legal name is *Greg* McKenzie rather than *Gregory* McKenzie, and the defendant is referred to herein as "Greg McKenzie."

the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case, all of which will be referred to herein as "Sensitive Materials";

WHEREAS, the Government's Protected Materials may include information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, all of which will be referred to herein as "Attorneys' Eyes Only Materials";

WHEREAS, the Government recognizes its obligation to provide such disclosure materials to the defendant, consistent with the need to protect the confidentiality of ongoing investigations and the confidentiality interests of others;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d)(1) of the Federal Rules of Criminal Procedure:

1. "Protected Materials" may be used by the Defense only for purposes of defending the charges, in connection with any sentencing, and pursuing any appeals, in relation to the above-referenced case.

2. The Protected Materials and the information contained or disclosed therein shall not be:

a. Disclosed in any form by the Defense to any third party or the media, except as set forth in paragraphs 3 and 4 below; and

b. Posted to any Internet site or network site to which persons other than the parties hereto have access.

3. The Protected Materials and the information contained or disclosed therein may be disclosed to third parties only by the defendant's counsel of record, including successor counsel, and only to the following persons (collectively, "Designated Persons"):

a. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's counsel of record and who are participating in the legal defense of this action;

b. independent expert witnesses, jury consultants, document hosting personnel, or investigators retained by the defendant in connection with this action; and

c. such other persons as hereafter may be authorized in writing by the Government; and

d. such other persons as hereafter may be authorized by the Court upon a motion by the defendant;

4. The Defense may show (but not otherwise provide) the Protected Materials to fact witnesses ("Fact Witnesses") interviewed by the defendant's counsel of record or by the Designated Persons in the course of investigating the above-captioned case.

5. Materials designated as "Sensitive Materials" by the Government and disclosed to the defendant's counsel of record during the course of the above-captioned case, shall be subject to the conditions applicable to Protected Materials, with the exception that the Sensitive Materials may be shown to the defendant, but not otherwise provided to the defendant or maintained in the defendant's possession.

6. Materials designated as "Attorneys' Eyes Only Materials" by the Government during the course of the above-captioned case, shall be subject to the conditions applicable to Protected Materials, shall not be disclosed to or possessed by the defendant, and may be disclosed only to defendant's counsel of record or Designated Persons identified in paragraph (3) above. If, and only if, the Government subsequently identifies any particular Attorneys' Eyes Only Materials as a statement or report of a witness, pursuant to 18 U.S.C. § 3500, such Attorneys' Eyes Only Materials may not be disclosed to the defendant until the latter of two weeks before the defendant is to commence trial or the Government's identification of testifying witnesses.

7. Any member of the Defense or Designated Persons are precluded from publicly disclosing or disseminating the identity of any non-law enforcement witness, including but not limited to cooperating witnesses or witnesses who otherwise were interviewed by the Government by virtue of those witnesses having been inmates at the Metropolitan Correctional Center, referenced in the Protected Materials, Sensitive Materials, or Attorneys' Eyes Only Materials, until the latter of two weeks before the defendant is to commence trial or the Government's identification of testifying witnesses.

8. The Government may authorize, in writing, disclosure of materials beyond that otherwise permitted by this Order without further Order of this Court.

9. The Defense shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraph (3), or Fact Witnesses to whom materials subject to the protections of this Order are shown pursuant to paragraph (4). Designated Persons and Fact Witnesses shall be subject to the terms of this Order.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However,

with respect to any disclosure material designated as Sensitive Materials or Attorneys' Eyes Only that the Defense intends to file publicly or to specifically describe in a public filing, the defendant making the filing must either (i) file the disclosure material under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper treatment of the disclosure material.

11. Any disputes that cannot be resolved among the parties regarding (a) redactions to public filings or the extent of such redactions, (b) the designation of disclosure material as Protected Materials, Sensitive Materials, Attorneys' Eyes Only Materials, or (c) any other dispute concerning this Order, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

12. Except for disclosure material designated as Protected Materials, Sensitive Materials, or Attorneys' Eyes Only Materials, that has been made part of the record of this case, the Defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for collateral relief (including but not limited to direct appeal and/or relief pursuant to 28 U.S.C. § 2255); the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

14. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: ______________________________
Date: April 6, 2021
Aline R. Flodr/ Jonathan E. Rebold/ Daniel H. Wolf
Assistant United States Attorneys

by: ______________________________
Date: April 6, 2021
Aaron Wallenstein, Esq.
Counsel to Greg McKenzie

SO ORDERED:

______________________________
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

4-6-22