UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 22 CR 166 (PKC)

GREGORY McKENZIE,

Defendant. Conference
------------------------------x

New York, N.Y.
April 6, 2022
11:40 a.m.

Before:

HON. P. KEVIN CASTEL,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: DANIEL H. WOLF
ALINE R. FLODR
JONATHAN REBOLD
Assistant United States Attorneys

AARON M. WALLENSTEIN
Attorney for Defendant

(Case called)

THE COURT: This is United States of America v. Gregory McKenzie. Appearing for the government, please.

MR. WOLF: Yes. Good morning, your Honor, Daniel Wolf on behalf of the government. Joined to my right by Aline Flodr and Jonathan Rebold.

THE COURT: Good morning to you all.

For the defendant.

MR. WALLENSTEIN: For Mr. McKenzie, Aaron Wallenstein, 160 Broadway.

Judge, if I may ask for permission, if we are allowed to enter the well.

THE COURT: I have never heard of such a thing. Are you a member of the bar of this court?

MR. WALLENSTEIN: I am, Judge.

THE COURT: Why aren't you entering the well?

MR. WALLENSTEIN: I'm sorry, Judge. We walked in, I spoke to my client, and I didn't realize that you were coming out, that we should come into the well at this point.

THE COURT: Why don't you take your coat off and why don't you sit at counsel table with your client.

MR. WALLENSTEIN: Thank you, Judge.

THE COURT: If you are fully vaccinated and three or more feet away from any person next to you, then you may, but need not, remove your face mask. You're welcome to keep it on.

You're welcome to take it off if you're more than three feet away from the next person and you are fully vaccinated.

Mr. Wallenstein, has the defendant received, reviewed, and discussed with you the single-count indictment that has been returned in this case with -- it's a two-count indictment. The first count is the false statements count and the second count is the obstruction of justice count.

MR. WALLENSTEIN: Yes, your Honor.

THE COURT: Does the defendant waive the public reading of the indictment?

MR. WALLENSTEIN: Yes, your Honor. And enter a plea of not guilty.

THE COURT: A plea of not guilty will be entered on the docket.

Let me hear from the government, what's the volume of discovery in this case and when do you anticipate discovery being completed?

MR. WOLF: Yes, your Honor. The volume of discovery is not overly substantial here. We made an initial production yesterday, actually, containing largely matters related to the defendant's arrest, as well as certain statements he made to law enforcement, as well as certain personnel records.

As the Court may be aware from the indictment, the defendant is currently on leave, but is a Bureau of Prisons employee. The government has certain Bureau of Prisons

employee records related to him. Those were produced as well.

We anticipate, we can get the bulk of discovery out within the next two weeks.

We have provided defense counsel with a proposed protective order. We did so on Friday afternoon. We are awaiting his signature on that or any proposed revisions. Once that is entered, we think that we will be able to get the bulk -- actually, the remaining discovery, that isn't out yesterday or won't be out, later today or tomorrow.

THE COURT: Thank you.

Mr. Wallenstein, what's the status of the protective order?

MR. WALLENSTEIN: Yes, Judge. I will sign that. I have no issues with the protective order.

I've also brought in a thumb drive, based on my conversations with the government, and I will give them this thumb drive to obtain the discovery from them.

THE COURT: Do you have the protective order with you, by any chance?

MR. WALLENSTEIN: I don't have it, your Honor.

MR. WOLF: I left it at defense counsel's chair.

THE COURT: If you want to sign it and then hand it up, we can get that piece of housekeeping out of the way.

MR. WALLENSTEIN: Yes, your Honor.

Judge, let the record reflect that I have signed it.

I'm handing it over --

THE COURT: If you want to tender the blank thumb drive as well.

MR. WALLENSTEIN: Thank you very much, your Honor.

THE COURT: I have so ordered the fully executed protective order in this case.

Mr. Wallenstein, would it be convenient, assuming the government lives up to the commitment to produce to you all discovery within two weeks or substantially all discovery within two weeks, would it be convenient for you to come back in approximately 30 days to advise whether you have any motions you wish to make in this case?

MR. WALLENSTEIN: Yes, your Honor. That would be well for the defense so I can obtain and review the discovery, maybe discuss any issues with the government, and then come back and look into possible motions. Yes.

THE COURT: We will try and get you a date.

In the meantime, pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, I remind the government of its obligation, under *Brady v. Maryland* and *Giglio* and their progeny, to disclose to the defendant all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment and known to the government. The government must make good-faith efforts to disclose such information to the defense as soon as reasonably possible after

its existence becomes known to the government.

As part of these obligations the government must disclose information that can be used to impeach the trial testimony of a government witness within the meaning of *Giglio v. United States* and its progeny and must do so sufficiently in advance of trial in order for the defendant to make effective use of it at trial.

I remind you that these obligations are continuing ones and that they apply to information, whether or not you credit it.

I further remind you that for these purposes the government includes any federal, state, and local prosecutors, law enforcement officers, and other officials who have participated in the investigation and prosecution of the charged offenses, whether or not such officials are still part of the team, and that you have an affirmative obligation to seek from these sources all information subject to disclosure.

Finally, I caution the government that if it fails to comply with this order, any number of consequences may follow. I may order production of the information and specify the terms and conditions of such production. I may grant a continuance. I may impose evidentiary sanctions. I may impose sanctions on any responsible lawyer for the government. I may dismiss charges before trial or vacate a conviction after trial or a guilty plea. I may enter any other order that is just under

the circumstance, including referring to disciplinary authorities.

Mr. Wolf, do you understand and confirm that you have fulfilled or will fulfill these obligations?

MR. WOLF: Yes, your Honor.

THE COURT: Ms. Flodr?

MS. FLODR: Yes, your Honor.

THE COURT: Mr. Rebold?

MR. REBOLD: Yes, your Honor.

THE COURT: I will enter a written order confirming the foregoing.

Let me set this then for everyone to return on May 18 at 4 p.m. Is that convenient to the government?

MR. WOLF: Yes, your Honor.

THE COURT: Convenient to you, Mr. Wallenstein?

MR. WALLENSTEIN: Yes, your Honor. That would be perfect.

THE COURT: I'll hear the government's final application.

MR. WOLF: Yes, your Honor.

The government moves to exclude time between today and May 18, under the Speedy Trial Act, so that the parties may attend to their discovery obligations, defense counsel may review that discovery and contemplate any motions, and so that the parties may discuss a potential pretrial disposition.

THE COURT: Any objection?

MR. WALLENSTEIN: No objection, your Honor.

THE COURT: I find that the ends of justice will be served by granting a continuance to May 18 and that the need for a continuance outweighs the best interests of the public and the defendant in a speedy trial.

The reasons for my finding is that the time is needed to enable the government to complete discovery process in this case, for defense counsel to review that discovery, to discuss it with his client, and to be in a position to return to this court to advise whether there are any motions the defendant wishes to make in this case, and for the Court to set a further schedule in this case.

Accordingly, the time between today and May 18 is excluded under the Speedy Trial Act.

Anything further from the government?

MR. WOLF: No, your Honor.

THE COURT: From the defendant.

MR. WALLENSTEIN: Nothing further from the defense.

THE COURT: Thank you all very much. We are adjourned.

(Adjourned)