UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 22 CR 166 (PKC)

GREGORY McKENZIE,

Defendant.

------------------------------x

New York, N.Y.
June 15, 2022
4:35 p.m.

Before:

HON. P. KEVIN CASTEL,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
DANIEL H. WOLF
JONATHAN REBOLD
Assistant United States Attorneys

PETER NEIL KATZ
Attorney for Defendant

(Case called)

THE COURT: Appearing for the government, please?

MR. WOLF: Yes. Good afternoon, your Honor. Daniel Wolf on behalf of the government, joined by Jonathan Rebold, immediately to my right, and then we have two law student interns with the U.S. Attorney's Office. From left to right Jacob Hutt and Nicholas Sweeney.

THE COURT: All right good afternoon.

And appearing for Mr. McKenzie.

MR. KATZ: Good afternoon, your Honor. Peter Katz.

THE COURT: All right. Good afternoon, Mr. Katz; and good afternoon, Mr. McKenzie.

THE DEFENDANT: Good afternoon.

THE COURT: So when did the government complete or substantially complete its discovery obligations?

MR. WOLF: Yes, your Honor.

It was, looking back at our records, I think, prior to the last pretrial conference. I believe at some point -- it was April 5th, 6th and 7th I think was when we substantially completed it.

THE COURT: All right.

And at the May 18th conference, I set today as the date for defense counsel to advise whether there are any motions the defendant wishes to make in this case.

Where do we stand on that?

MR. KATZ: Yes, thank you, your Honor.

I had the opportunity I think last week to speak with the government at some length. We went over some of the discovery together, and I was appreciative of that because some of it is somewhat technical and dense.

I've gone through the discovery. Just to let your Honor know, we have had some discussions about a possible disposition in this case. I'm hopeful that we are going to get there. We're not there yet, and for that reason, I think we do have some motions that we would like to file. So, I would ask your Honor to set a motion schedule for us.

THE COURT: Well, tell me what they are.

MR. KATZ: They are motions to dismiss one of the counts in the indictment.

THE COURT: Which count? And for what reason?

MR. KATZ: Count Two, obstruction of justice.

THE COURT: Right.

MR. KATZ: The statement that was made was not material to the obstruction of justice -- was not material to that count, I should say, and does not involve an obstruction of justice.

THE COURT: Let me just look.

So, the indictment alleges that McKenzie made false statements to federal investigators regarding his purchase, possession, and use of the McKenzie prepaid cell phone to

impede and obstruct and attempt to impede and obstruct the criminal grand jury investigation.

How would I decide the materiality on a motion to dismiss? The count itself doesn't even allege the false statements. It alleges that there were false statements on or about November 4th. I mean, you can make your motion. If you want to make your motion, go right ahead, but I'm not grabbing the import of that.

MR. KATZ: I understand, your Honor. I will try to spell that out in the motion.

THE COURT: Okay.

And what's your other motion?

MR. KATZ: I believe that's -- along with kind of your standard omnibus --

THE COURT: When do you want to file your motion?

MR. KATZ: If I could have three weeks, Judge?

THE COURT: Sure. That sounds fine.

So, how about July 8th to file your motion?

And when does the government want to respond?

MR. WOLF: We'd ask for three weeks as well.

THE COURT: All right. The 29th.

And I will have you back -- maybe we can pick a date in September for everybody to return. And at that time, I'll set a schedule to bring this case to trial.

MR. WOLF: Yes, your Honor.

THE DEPUTY CLERK: September 6th at 12:00 o'clock.

THE COURT: Mr. Katz, how does it look for you in the fourth quarter of 2022?

MR. KATZ: I do not believe I have any trials scheduled for the fourth quarter.

THE COURT: Wonderful.

How long do you anticipate this trial to be?

MR. WOLF: No longer than one week.

THE COURT: All right. We should be able to get this done.

All right. I'll hear the government's -- is there anything else, Mr. Katz?

MR. KATZ: No, that's all, your Honor.

THE COURT: All right.

I'll hear the government's motion.

MR. WOLF: Yes, your Honor. The government would respectfully request that time be excluded through September 6th, 2022, so that the defendant may prepare and file his pretrial motions, the government may respond to them, and the Court may consider those. In addition, I expect the parties will continue in their discussions relating to a pretrial disposition.

THE COURT: All right.

Any objection?

MR. KATZ: No, your Honor.

THE COURT: I find that the ends of justice will be served by granting a continuance to September 6th, and that the need for a continuance outweighs the best interests of the public and the defendant in a speedy trial. The reasons for my finding are that the time is needed to allow defense counsel to prepare the motion, file it, the government to respond, and the parties to engage in certain discussions.

Accordingly, the time between today and September 6th is excluded under the Speedy Trial Act.

Unless there's anything further, we're adjourned.

MR. WOLF: Thank you, your Honor.

MR. KATZ: Thank you, Judge.

* * *